IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PRESTON BLANTON, ) | | |
| ID # 42100-177, ) | | |
| Movant, ) | | No. 3:12-CV-5077-L-BH |
| vs. ) | | No. 3:10-CR-0237-L |
| ) | | |
| UNITED STATES OF AMERICA, ) | | |
| Respondent. ) | | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this habeas action has been automatically referred for findings and recommendation. Before the Court is the *Motion for Return of Property*, received January 29, 2013 (doc. 8). Based on the relevant filings and applicable law, the motion should be liberally construed as a new civil action under 28 U.S.C. § 1331.

**I. BACKGROUND**

Defendant was arrested pursuant to a criminal complaint dated July 29, 2010, charging him with possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* 3:10-CR-237-L, doc. 1.) On August 17, 2010, he was indicted and charged with two counts of receipt of child pornography and one count of receipt of child pornography. (*Id.* at doc. 14.) He entered a plea of guilty to the indictment before a U.S. Magistrate Judge on September 9, 2010, and the plea was accepted by the District Judge on September 29, 2010. (*Id.* at doc. 24.) The Court entered a judgment sentencing Defendant to imprisonment for a term of 235 months, to be followed by a life term of supervised release, on April 5, 2011. (*Id.* at doc. 48.) He appealed a 5-level increase in the guideline sentencing range, and the Fifth Circuit affirmed the judgment of the district court on May 9, 2012. (*Id.* at doc. 67.) On December 11, 2012, he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence that was opened as case 3:11-CV-5077. The movant filed

a motion in the habeas case under Fed. R. Crim. P. 41(g) seeking return of certain property seized in connection with his arrest that was received on January 28, 2013. (*See* doc. 8.)

## II. MOTION FOR RETURN OF PROPERTY

Rule 41(g) of the Federal Rules of Criminal Procedure provides that a person "aggrieved by an unlawful search and seizure of property or by the deprivation of property" may file a motion for return of the property. When the underlying criminal action has already concluded, as here, a motion under Rule 41(g) is properly construed as a civil action for the return of property under the court's general equity jurisdiction under 28 U.S.C. § 1331. *Bailey v. United States*, 508 F.3d 736, 738 (5th Cir. 2007) (citing *Taylor v. United States*, 483 F.3d 385, 387 (5th Cir. 2007)); *Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000). Although the motion in this case has been filed in a pending habeas action under 28 U.S.C. § 2255, the relief it seeks "is inappropriate for inclusion in a federal habeas proceeding." *Marshall v. U.S.*, 2010 WL 743791 (W.D. Tex. Mar. 3, 2010). The Court should therefore liberally construe the motion as a civil action under § 1331 and direct that it be opened as a new civil case.[1]

## III. RECOMMENDATION

The motion for return of property should be **CONSTRUED** as a civil action seeking the return of property. The Clerk of the Court should be **DIRECTED** to open a new civil case, file the motion as a civil complaint in that case, and directly assign the new case to District Judge Sam A. Lindsay and Magistrate Judge Irma Carrillo Ramirez. The Clerk should also be directed to file a copy of these findings and the Court's order accepting the findings in the new case.

---

[1] Because the motion is properly construed as civil action, the movant will be subject to the provisions of the Prison Litigation Reform Act ("PLRA") and the required payment of the $350 filing fee either in a lump sum or in installments. *See Pena v. United States*, 122 F.3d 3, 4-5 (5th Cir. 1997).

**SO RECOMMENDED** on this 30th day of January, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE