**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| PRESTON BLANTON, | ) | |
| ID # 42100-177, | ) | |
|     Movant, | ) | No. 3:12-CV-5077-L-BH |
| vs. | ) | No. 3:10-CR-0237-L (01) |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
|     Respondent. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant findings and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody*, filed December 11, 2012 (doc. 2), should be **DENIED** with prejudice.

**I.   BACKGROUND**

Preston Blanton (Movant) challenges his federal conviction and sentence in Cause No. 3:10-CR-237-L. The respondent is the United States of America (Government).

**A.   <u>Plea and Sentencing</u>**

Movant was charged by indictment with: 1) receipt of child pornography in violation of 18 U.S.C. § 2254A(a)(2)(A) (counts one, two); and 2) possession of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). (*See* Indictment). On September 9, 2010, he pled guilty without a plea agreement. (*See* docs. 22, 23).[1] He signed a factual resume admitting to facts sufficient to support his plea to all three counts and stating that: 1) the maximum penalty was twenty years imprisonment and a supervised term of life for counts one and two and ten years and a supervised term of life for count three; 2) he understood that the district court could order the three sentences to run

---

[1]   Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action.

consecutively; 3) he understood that, under certain circumstances, he could be civilly committed to further detention if he is certified as a "sexually dangerous person"; 4) he must register as a sex offender; 5) he had discussed the sentencing guidelines with his attorney and understood that the Court would impose the sentence after it considered the sentencing guidelines and factors outlined in 18 U.S.C. § 3553(a); 3) he understood that the guidelines were not binding and that he could receive the statutory maximum sentence; 4) he would not be able to withdraw his guilty plea if his sentence was longer than he expected; and 5) he had reviewed the case with his attorney, had been given satisfactory explanations, and was satisfied with his attorney's representation.  (*See* doc. 20).

During his rearraignment, Movant acknowledged under oath the rights he was waiving by pleading guilty, including the right to a jury trial, the right to confront and cross-examine witnesses against him, the right to court-appointed counsel during trial, and the right to require the Government to prove his guilt beyond a reasonable doubt. (doc. 72 at 5-6).  He also acknowledged that he understood that he should not rely on any statements or promises from anyone, including his attorney, as to what punishment he would receive, because the punishment would be decided by the judge. *Id*. at 6.  He affirmed that he had discussed with his attorney how the sentencing guidelines applied in his case, but he understood that the guidelines are advisory, that the judge is not bound by stipulated facts and may take into account facts that were not stipulated in deciding punishment, and that he would not decide punishment until after a pre-sentence report (PSR) was prepared and there was an opportunity to object to the PSR. *Id*. at 6-7.  Movant swore under oath that he had spoken to his attorney about his plea, that he was satisfied with his representation and advice, that he was pleading guilty because he was guilty, that he read the indictment and the factual resume, that he committed each of the essential elements of the crimes, that he was pleading guilty because

2

he was guilty and not because anyone had promised him anything, and that he understood that the maximum sentence for his offense was twenty years. *Id*. at 7-13.

The probation office prepared a PSR calculating Movant's total offense level as 36 after a two-level downward departure for acceptance of responsibility, with a criminal history category I, resulting in a guideline range of 188 to 235 months. (PSR, ¶¶ 40-46, 50-51, 92). After Movant sought and obtained new counsel, his second attorney objected to factual assertions and the five-level enhancement for engaging in a pattern of activity involving the sexual abuse of a minor in the PSR, and he asserted the existence of mitigating factors warranting a downward departure in sentencing. (docs. 37, 38). At Movant's request, his attorney also submitted Movant's objections to the PSR, i.e., to the reference to him as a sexually dangerous person, and to the enhancement for sexual abuse of a minor because previous charges against him had been dropped. (doc. 45)

At sentencing on April 4, 2011, the Court overruled counsel's objections, adopted the PSR, and sentenced Movant to 235 months' imprisonment, to be followed by a life term of supervised release, and entered judgment. (*See* Judgment, doc. 48). Movant appealed the five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, and the Fifth Circuit affirmed in an unpublished opinion on April 13, 2012. *United States v. Blanton*, No. 11-10405 (5th Cir. April 13, 2012).

B.   **Substantive Claims**

Movant asserts the following claims:

(1)  his first trial attorney rendered ineffective assistance of counsel by telling him to plead guilty without having conducted an investigation or discovery, or seeing him, and after promising a lower sentence (ground one, Mot. at 5, Mem. at 2);

(2)  his second, retained attorney provided ineffective assistance of counsel by:

3

>   –refusing to seek to withdraw Movant's guilty plea (ground two, Mot. at 6); and
>
>   –failing to object to the PSR (ground three, Mot. at 8); and
>
> (3) the district court erred by sentencing Movant to a sentence that exceeds the statutory maximum (ground four, Mot. at 9).

The Government filed a response brief on February 7, 2013. (*See* Resp. Opp'n Mot. (Resp.)). Movant filed a reply brief on April 16, 2013.

## II. SCOPE OF RELIEF AVAILABLE UNDER § 2255

"Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Gaudet*, 81 F.3d 585, 589 (5th Cir. 1996) (citations and internal quotation marks omitted). It is well established that "a collateral challenge may not do service for an appeal." *United States v. Shaid*, 937 F.2d 228, 231 (5th Cir. 1991) (*en banc*) (quoting *United States v. Frady*, 456 U.S. 152, 165 (1982)).

A failure to raise a claim on direct appeal may procedurally bar an individual from raising the claim on collateral review. *United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001). Defendants may only collaterally attack their convictions on grounds of error omitted from their direct appeals upon showing "cause" for the omission and "actual prejudice" resulting from the error. *Shaid*, 937 F.2d at 232. However, "there is no procedural default for failure to raise an ineffective-assistance claim on direct appeal" because "requiring a criminal defendant to bring [such] claims on direct appeal does not promote the[] objectives" of the procedural default doctrine, "to conserve judicial resources and to respect the law's important interest in the finality of judgments." *Massaro v. United States*, 538 U.S. 500, 503-04 (2003). The Government may also waive the procedural bar

4

defense. *Willis*, 273 F.3d at 597.

### III. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL

Movant claims in his first ground for relief that his first trial attorney was ineffective by advising him to plead guilty without sufficiently preparing for trial, communicating with him, or investigating the facts of the case, and by assuring him that he would receive a sentence of 5-10 years. (Mem. at 1, 4). In his second and third grounds, Movant asserts that his second attorney was ineffective for failing to move to withdraw his guilty plea and for failing to object to the enhancements in the PSR. (Mem. at 5-6).

The Sixth Amendment to the United States Constitution provides in pertinent part that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. art. VI. The Sixth Amendment guarantees a criminal defendant the effective assistance of counsel, both at trial and on appeal. *Strickland v. Washington*, 466 U.S. 668 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). To successfully state a claim of ineffective assistance of counsel, the prisoner must demonstrate (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced his or her defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). The *Strickland* test applies when a prisoner alleges denial of effective assistance of counsel in the context of a guilty plea. *Hill v. Lockhart*, 474 U.S. 52, 57-58 (1985).

Although a guilty plea ordinarily waives all nonjurisdictional defects, including ineffective assistance claims, a petitioner may raise ineffective assistance to the extent that it affected the voluntariness of his plea. *United States v. Cavitt*, 550 F.3d 430, 441 (5th Cir. 2008) (quoting *Smith v. Estelle,* 711 F.2d 677, 682 (5th Cir.1983) ("once a guilty plea has been entered, all nonjurisdictional defects in the proceedings against a defendant are waived," and the waiver

5

"includes all claims of ineffective assistance of counsel, except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea.")). When a prisoner challenges his plea based on ineffective assistance of counsel, the "prejudice" requirement "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Hill*, 474 U.S. at 58. To satisfy this requirement in the plea context, the prisoner "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.*

To show prejudice in the sentencing context, the movant must demonstrate that the alleged deficiency of counsel created a reasonable probability that his sentence would have been less harsh. *See Glover v. United States*, 531 U.S. 198, 200 (2001) (holding "that if an increased prison term did flow from an error [of counsel] the petitioner has established *Strickland* prejudice"). The second prong of *Strickland* is not satisfied by mere speculation and conjecture. *Bradford v. Whitley*, 953 F.2d 1008, 1012 (5th Cir. 1992). Conclusory allegations are also insufficient to obtain relief under § 2255. *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989); *United States v. Daniels*, 12 F. Supp. 2d 568, 575-76 (N.D. Tex. 1998); *see also Miller v. Johnson*, 200 F.3d 274, 282 (5th Cir. 2000) (holding that "conclusory allegations of ineffective assistance of counsel do not raise a constitutional issue in a federal habeas proceeding").

**A.     First Attorney**

Movant asserts in his first ground for relief that his first attorney failed to properly investigate the case and promised him a lower sentence than the one he received.

    **1.     Investigation**

Although he claims that counsel failed to communicate with him sufficiently and to

investigate the case, Movant does not specify what counsel failed to communicate or what investigation he should have done, and how it would have resulted in him going to trial. A movant "must allege with specificity what the investigation would have revealed and how it would have altered the outcome" of the proceeding. *Potts v. United States*, 566 F. Supp. 2d 525, 537 (N.D. Tex. 2008) (accepting recommendation of Mag. J.) (quoting *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Movant has submitted affidavits from his mother, his brother, and family friends attesting to their belief that he did not sexually abuse his stepson or his daughter. (Mem. at 11, Reply at 5-6). He also has submitted letters from friends attesting to his good character. (No. 3:12-cv-5077, doc. 20 at 2-5). The allegations of sexual abuse were addressed at sentencing, not as part of the guilty plea. The first attorney was not ineffective for failing to further investigate this issue.

    **2.**    <u>**Promise**</u>

Movant next contends that counsel told him that he would receive a sentence between 5-10 years, that there was no reason for a longer sentence, and that the district judge had imposed that sentence or less for worse cases. Movant submits a sworn affidavit outlining this assertion. (Mem. at 2, 10). He also submits a signed affidavit from his mother in which she states that Movant told her that his attorney told him that he would not receive more than a 5-10 year sentence, and that counsel confirmed to her that he had told Movant that he would receive a sentence of 5-10 years if he pled guilty. (Mem. at 11). Movant does not contend that this promise was the reason he pled guilty, and that he would have gone to trial if counsel had not made this promise. He instead states generally that he asked his attorney what type of sentence he should expect if he pled guilty, and counsel told him no longer than 5-10 years.

As noted earlier, Movant affirmed under oath at his re-arraignment that no one had induced

him to plead guilty, that he had discussed the sentencing guidelines with his attorney, that he understood that he should not rely on any statements because the judge would assess punishment, and that he could receive a sentence of up to twenty years for counts one and two and ten years for count three. "Ordinarily a defendant will not be heard to refute his testimony given under oath." *United States v. Fuller*, 769 F.2d 1095, 1099 (5th Cir. 1985). "'Solemn declarations in open court carry a strong presumption of verity,' forming a 'formidable barrier in any subsequent collateral proceedings.' *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977)." *United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998). Movant also read and signed a factual resume stating that he had discussed the sentencing guidelines with his attorney, understood that the Court would impose the sentence after it considered the sentencing guidelines and factors outlined in 18 U.S.C. § 3553(a), and understood that the guidelines were not binding and that he could receive the statutory maximum sentence. Courts also presume the regularity of court documents and accord them "great weight." *See United States v. Abreo*, 30 F.3d 29, 32 (5th Cir. 1994) (holding that a signed, unambiguous plea agreement "is accorded great evidentiary weight" when determining whether a plea is entered voluntarily and knowingly); *Bonvillain v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986) (holding that court records are "accorded great weight"); *Webster v. Estelle*, 505 F.2d 926, 929-30 (5th Cir. 1974) (holding that court records "are entitled to a presumption of regularity").

To the extent that Movant's argument can be construed as asserting that his guilty plea was involuntary because of a promise, the Fifth Circuit has recognized a limited circumstance in which a movant may seek habeas relief on the basis that his attorney made alleged promises to him, even though inconsistent with representations he made in court when entering his plea. A movant is entitled to an evidentiary hearing if he presents evidence of :1) the exact terms of the alleged

promise; 2) exactly when, where, and by whom the promise was made; and 3) the precise identity of an eyewitness to the promise. *See United States v. Cervantes*, 132 F.3d 1106, 1110 (5th Cir. 1998), *citing Harmason v. Smith*, 888 F.2d 1527, 1529 (5th Cir. 1989). A movant must produce independent indicia of the merit of the allegations of alleged promises, typically by way of affidavits from reliable third parties. *Id.* However, when the movant's "showing is inconsistent with the bulk of [his] conduct or otherwise fails to meet [his] burden of proof in light of other evidence in the record," the Court may dispense with his allegations without an evidentiary hearing. *Id.*

Here, Movant has not stated specifically where and when counsel made the promise that allegedly caused him to plead guilty; he only states generally that counsel told him that there was "no reason" for him to receive a sentence longer than 5-10 years. (Mem. at 10). His sole independent evidence is a sworn statement from his mother stating that she spoke with Movant and with his attorney and that both told her that Movant would not receive a longer sentence than 5-10 years. This statement does not reflect that his mother was an eyewitness to any statements made by counsel to movant directly. Nor does it state when and where counsel made the promise that Movant would receive 5-10 years. *See United States v. Merrill*, 340 Fed. App'x 976, 978-79 (5th Cir. Aug. 17, 2009) (holding that an affidavit from a girlfriend does not provide "independent indicia of the likely merit of Merrill's claims" because it did not describe with any specificity where or when counsel made the alleged promise, and "more fatally" did not indicate that the girlfriend was in fact an eyewitness to any promise made directly to Merrill); *United States v. Medrano*, 4:12-CV-741-A, 2013 WL 1092813, *4 (N.D. Tex. Mar. 15, 2013) (holding that "sparse" declarations by Medrano's wife that counsel told her that Medrano faced an 8-10 year sentence, and by their daughter that she heard counsel make this statement to her mother, were not sufficient to overcome

9

the overwhelming evidence that Medrano knew he faced a longer sentence and that no one had made promises to induce him to plead guilty). The affidavit also does not state that Movant's mother witnessed a definite promise being made to anyone else. *See United States v. Perez*, 227 Fed. App'x 357, 359-60 (5th Cir. May 4, 2007) (evidentiary hearing warranted where a § 2255 movant submitted an affidavit from his wife averring that counsel assured her during at least 10 visits to his office that movant would receive a 24-month sentence, and an affidavit from his wife's sister-in-law averring that she heard counsel tell another attorney in the courtroom before sentencing that the movant would receive a 24-month sentence).

Movant has failed to overcome the presumption of veracity given to his sworn statements in court, and they reflect that he was not coerced into pleading guilty, that he understood the charges against him, and that he understood the consequences of his guilty plea. His guilty plea was therefore voluntary, and his first attorney was not ineffective in this regard.

**B. Second Attorney**

In his second and third grounds for relief, Movant asserts that the attorney who represented him at sentencing was ineffective for failing to move to withdraw his guilty plea and for failing to object to certain sentence enhancements contained in the PSR. Movant has failed to demonstrate either deficiency or prejudice.

**1. Motion to Withdraw Plea**

With regard to Movant's contention that his attorney was ineffective for failing to file a motion to withdraw his guilty plea, he has not demonstrated that such a motion would have been granted. A district must consider the following seven factors when a criminal defendant who has pled guilty seeks to withdraw his plea: (1) whether the defendant has asserted his innocence; (2)

whether withdrawal would prejudice the Government; (3) whether the defendant has delayed in filing his withdrawal motion; (4) whether withdrawal would substantially inconvenience the court; (5) whether close assistance of counsel was available; (6) whether the original plea was knowing and voluntary; and (7) whether withdrawal would waste judicial resources. *United States v. Carr*, 740 F.2d 339, 343–44 (5th Cir.1984). Movant has not asserted his innocence, his guilty plea was knowing and voluntary, he had the assistance of counsel at all stages, and such a motion would waste judicial resources as he evidently did not seek to file a motion until after the PSR had been issued. Therefore, Movant has not demonstrated deficiency.

Movant has also failed to demonstrate prejudice. At sentencing, the Government argued that he should not be entitled to a two-level downward departure in sentencing for pleading guilty because his statements in his own objections to the PSR indicated that he was not accepting responsibility for his actions. Defense counsel responded that Movant was not withdrawing his guilty plea and that he, as defense counsel, was objecting to the PSR. Movant said nothing to the contrary with regard to withdrawing his guilty plea. (doc. 53 at 119-23). The Court noted that a "good case" could be made for denying Movant the two-level departure for acceptance of responsibility, but that it was giving him "the benefit of the doubt" because he pled guilty and did not alter that plea. (*Id*. at 146). Had counsel moved to withdraw Movant's guilty plea, he would likely have been sentenced to a higher sentence because he would have been denied acceptance of responsibility.

### 2. **Objections to Enhancements**

Movant further contends that counsel was ineffective for failing to object to enhancements contained in the PSR. Movant's sentencing guideline range was enhanced two levels because he

11

downloaded and viewed pornography of children under twelve years of age, four levels because he downloaded and viewed videos portraying sadistic or masochistic conduct, two levels because he used his computer to possess child pornography, and five levels because he possessed over 600 images of child pornography. (PSR, ¶¶ 42, 43, 45-46). The photographs and videos were seized by the FBI at Movant's house based on a information provided by his stepson. An FBI Special Agent testified at sentencing about the hard drives that were seized from Movant's house, that Movant's last name was same as the user name, that approximately 20 of 26 hard drives seized contained child pornography, and that Movant acknowledged viewing child pornography for many years during his videotaped and audiotaped interview. The videotape was played at his sentencing hearing. (doc. 53 at 11-23). Given the evidence supporting these enhancements, Movant has not demonstrated how an objection to any of these enhancement paragraphs would have resulted in a lower sentence. *See Sones v. Hargett*, 61 F.3d 410, 415 n.5 (5th Cir. 1995) ("Counsel cannot be deficient for failing to press a frivolous point.").

Movant's sentence was also enhanced five levels because of previous sexual abuse of a minor. As noted earlier, counsel did object to this enhancement. The Government presented testimony from Movant's stepson and a family friend, who both testified that he molested them numerous times when they were children, as well as testimony from two outcry witnesses in whom the victims initially confided. (doc. 53 at 28-36, 43-51, 80-86, 94-98). Defense counsel cross-examined all witnesses and argued that Movant's stepson should not be considered credible because he had recanted his allegations shortly after he made them as a child, and he later voluntarily lived with Movant as an adult. (*Id*. at 36-43, 51-76, 77-79, 86-94, 98-101, 102-106, 109-110). The Court found both victims to be credible, noted that the testimony of the second victim had not been

contradicted, and determined that the Government had established by a preponderance of the evidence that the five-level enhancement should apply. (*Id*. at 111-12). This ruling was upheld on direct appeal. Movant does not demonstrate how counsel should have better represented him. While he presents affidavits from members of his family about his stepson's recantation and future behavior towards him, these topics were covered extensively at sentencing, and his stepson admitted under oath that he recanted his testimony and later voluntarily lived with Movant as an adult. Affidavits from family members who were not fact witnesses to any of the allegations do not support this ground for relief. Trial counsel was not ineffective in his representation sentencing, and Movant's claims of ineffective assistance should be denied.

### IV.  COURT ERROR

Finally, Movant asserts in his fourth ground that the court erred by sentencing him separately on the three counts of the indictment. He appears to argue that he is being punished multiple times for the same offense because counts two and three of the indictment are lesser-included offenses of the charge of distribution of child pornography . (Mem. at 7; Reply at 3). He also claims that the life term of supervised release exceeded the statutory maximum. (Mem. at 8).

Because Movant failed to raise this claim on direct appeal, it is procedurally barred from consideration on collateral review as he has shown neither cause nor prejudice for his failure. *Shaid*, 937 F.2d at 232. Even if cause and prejudice were shown, this claim is without merit. The Double Jeopardy Clause protects against multiple prosecutions and punishments for the same offense. *See Monge v. California*, 524 U.S. 721, 727 (1998). It "serves three interests, protecting against: (1) prosecution of the same offense after acquittal; (2) prosecution of the same offense after conviction; and (3) multiple punishments for the same offense." *United States v. Berry*, 977 F.2d 915, 918 (5th

Cir. 1992). Movant was charged with two separate violations of receiving child pornography (for a specifically identified video file and for other specifically identified still images) and one separate violation of possession of child pornography (possession of four entirely different specifically identified video files and a still image of child pornography). (*See* Indictment). Movant pled guilty to these three separate and distinct offenses and was sentenced separately for each, within the statutory limits. To the extent that he is complaining that his sentence was enhanced based on photographs or images to which he had not pled guilty (Reply at 3), he was held accountable for 3165 still images and 332 video files found on computers and hard drives seized from his house. The 332 video files were considered to have 75 images each, equaling 24,900 images. Because Movant's offenses involved more than 600 images, his sentence was enhanced five levels. (PSR, ¶¶ 31, 46). He has not shown that an enhancement for possessing over 600 images was in error.[2]

Movant cites 18 U.S.C. § 3583(a) for his argument that a life term of supervised release exceeds the statutory maximum. The portion of this statute he cites states that a court *may* impose a term of supervised release, except that such a term *shall* be imposed when required by statute or if the defendant has been convicted for the first time of a domestic violence crime. Section 3583(k) provides that someone who is convicted of an offense under 18 U.S.C. § 2252A, like Movant, may be sentenced to supervised release from five years to life. He was sentenced within the statutory limits. Movant's fourth ground is without merit and should be denied.

## V. EVIDENTIARY HEARING

No evidentiary hearing is required when "the motion and the files and records of the case

---

[2] Movant also makes a cryptic argument about lesser-included offenses of the distribution of pornography. He was not charged with the distribution of pornography, however. The PSR recommended a two-level downward departure because there was no evidence of distribution; Movant had software installed on his computer which prevented such detection. (PSR, ¶ 41).

conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. Here, the record conclusively shows that movant is entitled to no relief.

## VI. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED this 9th day of September, 2013.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE