**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| PRESTON BLANTON, ) | |
| ID # 42100-177, ) | |
| Movant, ) | No. 3:12-CV-5077-L-BH |
| vs. ) | No. 3:10-CR-0237-L (01) |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Respondent. ) | Referred to U.S. Magistrate Judge |

**SUPPLEMENTAL FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Before the Court are the *Motion to Allow Supplemental Brief*, filed September 24, 2013 (doc. 29), and *Petitioner's Motion to Amend Report and Recommendation*, filed September 26, 2013 (doc. 30). Movant seeks to raise a new argument based on a recent United States Supreme Court case. The motions are **GRANTED.** Based on the relevant filings (including the proposed supplemental brief) and applicable law, the *Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody* should be **DENIED** with prejudice.

**I. BACKGROUND**

On December 11, 2012, Preston Blanton (Movant) filed a motion to vacate pursuant to 28 U.S.C. § 2255, challenging his federal conviction and sentence in Cause No. 3:10-CR-237-L. On September 9, 2013, it was recommended that his § 2255 motion be denied with prejudice. (doc. 26). Movant now claims that he is entitled to a reduction in his sentence based on *Alleyne v. United States*, 133 S.Ct. 2151 (2013), because the enhancements to his sentence were not alleged in the indictment, and one of his enhancements was not proven at sentencing beyond a reasonable doubt. (doc. 29-1 at 2-3).

On September 9, 2010, Movant pled guilty without a plea agreement to two counts of receipt of child pornography and one count of possession of child pornography in violation of 18 U.S.C. § 2254A(a)(2)(A), (a)(5)(B). (*See* docs. 22, 23).[1] The probation office prepared a pre-sentence report (PSR) calculating Movant's total offense level as 36, with a criminal history category I, resulting in a guideline range of 188 to 235 months. (PSR, ¶¶ 40-46, 50-51, 92). Defense counsel objected to a five-level enhancement for engaging in a pattern of activity involving the sexual abuse of a minor in the PSR, and he asserted the existence of mitigating factors warranting a downward departure. (docs. 37, 38). Movant also submitted *pro se* objections to the PSR (doc. 45). The Court overruled the objections, adopted the PSR, and sentenced Movant to 235 months' imprisonment for the two counts of receipt of child pornography, and 120 months for the one count of possession of child pornography, to be followed by a life term of supervised release, and entered judgment. (*See* Judgment, doc. 48). Movant appealed the five-level increase for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, and the Fifth Circuit affirmed in an unpublished opinion on April 13, 2012. *United States v. Blanton*, No. 11-10405 (5th Cir. April 13, 2012).

## II. MOTION TO AMEND

When a responsive pleading has already been filed, as in this case, Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend his pleading only with either the opposing party's written consent or the court's leave. Under this rule, the court should freely give leave when justice requires. FED. R. CIV. P. 15(a)(2). This rule applies to motions to vacate filed under 28 U.S.C. § 2255. *United States v. Saenz*, 282 F.3d 354, 355-56 (5th Cir. 2002). Because movant's proposed

---

[1] Unless otherwise noted, all document numbers refer to the docket number assigned in the underlying criminal action.

2

supplemental brief seeks to raise new arguments based on a recent Supreme Court case, it is liberally construed as a motion for leave to amend his § 2255 motion. The Court finds that justice requires permitting the filing of the proposed amendment, and that a supplemental recommendation is appropriate to address the new arguments raised by Movant. The motions are therefore **GRANTED**.

### III. ALLEYNE V. UNITED STATES

Movant argues that the holding in the recent Supreme Court case, *Alleyne v. United States*, requires that his sentence be reduced to five years, the minimum allowed by statute.

In *Alleyne*, the Supreme Court held that any fact that increases the mandatory minimum sentence is an element of the crime that must be submitted to a jury. *Id*. at 2158. Under the relevant statutes, the minimum and maximum sentences for receipt of child pornography are not less than five years and not more than twenty years, and the maximum sentence for possession of child pornography is not more than ten years. (*See* Elements and Punishment of the Offenses and Factual Resume, doc. 20; PSR ¶ 91).

Here, in addition to the five-level enhancement for engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, Movant's sentencing guideline range was enhanced by two levels because he downloaded and viewed pornography of children under twelve years of age, by four levels because he downloaded and viewed videos portraying sadistic or masochistic conduct, by two levels because he used his computer to possess child pornography, and by five levels because he possessed over 600 images of child pornography. (PSR, ¶¶ 42, 43, 45-46). These enhancements did not raise the mandatory minimum sentence for the crimes for which he was convicted; they were factors that determined an advisory guideline range within the sentencing range prescribed by the statute. *See Alleyne*, 133 S.Ct. at 2163 (stating that "[o]ur ruling today does not mean that any fact

that influences judicial discretion must be found by a jury" and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law"). Nothing in the decision in *Alleyne* suggests that the factors used by the Court in this case to determine Movant's punishment within the range prescribed by statute had to either be alleged in the indictment or found by a jury beyond a reasonable doubt. Therefore, *Alleyne* does not apply in this case.

## IV. RECOMMENDATION

The *Motion to Vacate, Set Aside, or Correct Sentence* pursuant to 28 U.S.C. § 2255 should be **DENIED** with prejudice.

**SIGNED** this 30th day of September, 2013.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE