IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **PRESTON BLANTON,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-5077-L** |
| | § | Criminal No. **3:10-CR-0237-L** |
| **UNITED STATES OF AMERICA**, | § | |
| | § | |
| Respondent. | § | |

## <u>ORDER</u>

Before the court is Preston Blanton's ("Petitioner") Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. This case was referred to Magistrate Judge Irma Carrillo Ramirez, who entered Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Original Report") on September 9, 2013, recommending that Petitioner's habeas motion be denied with prejudice. On September 30, 2013, the magistrate judge issued supplemental findings and recommendations ("Supplemental Report") to address a new argument raised by Petitioner but concluded that Petitioner's motion should still be denied. For the reasons herein explained, the court **accepts** the findings and conclusions of the magistrate judge, **overrules** Petitioner's objections, **denies** Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and **dismisses with prejudice** this action.

## I.    Procedural Background

After the Original Report issued, Petitioner moved for an extension of time on September 19, 2013, to file objections to it. On September 20, 2013, the magistrate judge granted Petitioner's motion and gave him an additional thirty days to file objections to the Report. With the thirty-day

extension, Petitioner's deadline to file objections to the Original Report was extended to October 28, 2013. This deadline takes into account the three days that are added under Federal Rule of Civil Procedure 6(d) when a party is served by mail pursuant to Rule 5(b)(2)(C).

After obtaining the extension to object to the Original Report, Petitioner filed a motion on September 24, 2013, for leave to file a supplemental brief (Doc. 29) in support of his contention that his section 2255 motion is governed by the recent United States Supreme Court case in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). On September 26, 2013, Petitioner filed a motion to amend the Report (Doc. 30) and attached his supplemental brief contending, based on *Alleyne*, that he was denied his constitutional right to be found guilty by a jury beyond a reasonable doubt because the court considered uncharged alleged misconduct in enhancing his sentence.

On September 30, 2013, the magistrate judge granted Petitioner's motion to file a supplemental brief and motion to amend the Report and issued the Supplemental Report to address Petitioner's new argument based on the Supreme Court's opinion in *Alleyne*. The magistrate judge considered Petitioner's new argument and again recommended that his habeas petition be denied and the action be dismissed with prejudice. After the magistrate judge issued the Supplemental Report and ruled on his motions, Petitioner moved again to amend the Report and to allow his supplemental brief based on *Alleyne*. The motions were denied as moot on October 2, 2013, as duplicative of his earlier filed motions.

On October 10, 2013, Petitioner sought an additional sixty-day extension to file objections to both the Original and Supplemental Reports. The motion for extension of time was granted in part in that only Petitioner's deadline to file objections to the Supplemental Report was extended thirty

days.  Petitioner's deadline to object to the Original Report was not further extended.  His objections

to the Original Report were therefore due by October 28, 2013.

## II.      Petitioner's Objections

Petitioner filed objections to the Original and Supplemental Reports on October 31, 2013,

contending that he: (1) received ineffective assistance of counsel when he was advised by his original

attorney to plead guilty before discovery or an investigation; (2)  received ineffective assistance of

counsel when his second attorney refused to file a motion to withdraw his guilty plea, failed to object

to the proposed sentencing enhancements in the Presentence Report, and was unprepared at the

sentencing hearing; and (3) received an unlawful sentence that exceeded the statutory maximum.

Petitioner also contends, based on *Alleyne*, that his sentence should be reduced to sixty months

because the enhancements applied in his sentencing were based on uncharged alleged misconduct

that was not included in the indictment and proved beyond a reasonable doubt.

## III.     Discussion

### A.      Objections to Original Report

As noted above, Petitioner filed his objections to the Original and Supplemental Reports on

October 31, 2013.  Petitioner's deadline to file objections to the Original Report, however, was

October 28, 2013.  Petitioner's objections to the Original Report are therefore untimely.  Although

the magistrate judge issued the Supplemental Report to address his new argument under *Alleyne*, and

his deadline to assert objections to the Supplemental Report was extended, Petitioner was not given

an additional extension of time to file objections to the Original Report.  Moreover, Petitioner fails

to explain why his objections to the Original Report, which dealt with his contentions that he

received ineffective assistance of counsel and an unlawful sentence that exceeded the statutory

maximum, could not have been asserted timely within the 49 days he was given to make objections to the Original Report.

As noted in both Reports: "Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error." Report 15 and Supplemental Report 4 (citing *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996)). After reviewing Petitioner's objections to the Original Report, the court concludes that they do not present grounds of plain error. Accordingly, Petitioner's untimely objections to the Original Report that he received ineffective assistance of counsel and an unlawful sentence that exceeded the statutory maximum are **overruled.**

### B.      Objections to Supplemental Report Based on *Alleyne*

The Supplemental Report deals solely with Petitioner's contention based on *Alleyne*. The Supplemental Report indicates that Petitioner's guideline range was enhanced several levels as a result of his engaging in a pattern of activity involving the sexual abuse or exploitation of a minor, but that these enhancements did not raise the mandatory minimum sentence for the crimes for which he was convicted and were only factors that determined the advisory guideline range prescribed by the statute. The magistrate judge concluded in the Supplemental Report that *Alleyne* does not support Petitioner's new argument that his sentence should be vacated because the court in *Alleyne* made clear that: "Our ruling today does not mean that any fact that influences judicial discretion must be found by a jury," and "[o]ur decision today is wholly consistent with the broad discretion of judges to select a sentence within the range authorized by law." Supplemental Report 3-4 (quoting *Alleyne*, 133 S. Ct. at 2163). Finally, the magistrate judge concluded that *Alleyne* does not

apply to this case because "[n]othing in . . . *Alleyne* suggests that the factors used by the Court in this case to determine [Petitioner's] punishment within the [applicable guideline] range . . . had to either be alleged in the indictment or found by a jury beyond a reasonable doubt." Supplemental Report 4.

> In his objections, Petitioner contends:
>
> ALLEYNE ISSUES WHERE THE TWO WITNESSES['] ALLEGATIONS WERE NOT WITHIN THE INDICTMENT[,] THE ALLEGATIONS AND ENHANCEMENT DERIVED THEREFROM MUST BE VACATED.
>
> In the <u>Alleyne</u> case, the United States Supreme Court in fact has significantly changed the law in that where the Indictment fails to include any element of the offense, the enhancement cannot be in fact used, which would enhance the sentence based on facts not having been presented to the jury and requires reversal of the sentence, where nothing within the Indictment contains any such allegations of T.C. or C.C.A.

Pet.'s Obj. 7. The court disagrees.

*Alleyne* held that any fact that increases the mandatory minimum sentence for a crime is an element of the crime that must be submitted to the jury and found beyond a reasonable doubt. *Alleyne*, 133 S. Ct. at 2155-63. The defendant in *Alleyne* was convicted by a jury. Petitioner, on the other hand, voluntarily entered a guilty plea and waived his right to a jury trial. Further, the court in *Alleyne* did not state that its holding applies retroactively on collateral review, and "[o]nly the Supreme Court can render a new rule retroactively applicable to cases on collateral review." *In re Kemper*, No. 13-50695, 2013 WL 5969009, at *1 (5th Cir. Sept. 6, 2013) (unpublished per curiam) (quoting *Tyler v. Cain*, 533 U.S. 656, 662-63 (2001)). Additionally, *Alleyne* focused on mandatory minimum sentences, whereas Petitioner's enhancements, did not give rise to a mandatory minimum sentence. The court therefore determines that *Alleyne*'s holding does not apply to Petitioner's enhancements or sentence in this case and **overrules** his objections to the Supplemental Report

based on *Alleyne. See United States v. St. Junius*, No. 11-20805, — F.3d — , 2013 WL 5975027, at *15 n.23 (5th Cir. Nov. 8, 2013) (declining to extend *Alleyne*'s holding to an abuse of trust enhancement that did not give rise to a mandatory minimum sentence).

## IV.   Conclusion

Having carefully reviewed the pleadings, file, and record in this case, and the findings and conclusions of the magistrate judge, the court determines, for the reasons explained, that the findings and conclusions of the magistrate judge are correct and **accepts** them as those of the court. Accordingly, the court **denies** the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody and **dismisses with prejudice** this action.

Considering the record in this case and pursuant to Federal Rule of Appellate Procedure 22(b), Rule 11(a) of the Rules Governing §§ 2254 and 2255 proceedings, and 28 U.S.C. § 2253(c), the court **denies** a certificate of appealability.[*]  The court determines that Petitioner has failed to show: (1) that reasonable jurists would find this court's "assessment of the constitutional claims debatable or wrong;" or (2) that reasonable jurists would find "it debatable whether the petition states a valid claim of the denial of a constitutional right" and "debatable whether [this court] was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).  In support of this determination, the court accepts and incorporates by reference the magistrate judge's report filed in

---

[*]Rule 11 of the Rules Governing §§ 2254 and 2255 Cases provides as follows:

   **(a)    Certificate of Appealability.** The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22. A motion to reconsider a denial does not extend the time to appeal.

   **(b)    Time to Appeal.** Federal Rule of Appellate Procedure 4(a) governs the time to appeal an order entered under these rules. A timely notice of appeal must be filed even if the district court issues a certificate of appealability.

Order – Page 6

this case.  In the event that Petitioner files a notice of appeal, he must pay the $455 appellate filing

fee or submit a motion to proceed *in forma pauperis* ("IFP"), unless he has been granted IFP status

by the district court.

     **It is so ordered** this 13th day of November, 2013.


                         Sam A. Lindsay
                         United States District Judge

**Order – Page 7**